IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

O. W. individually and as the parent and
guardian of G. Y., a minor child,

                Plaintiff,

v.                                              CIVIL ACTION NO. 3:24-0070

CABELL COUNTY BOARD OF EDUCATION,
RONALD MAYES,
AMY GIBSON-CLAY,
DEBORAH CHRISTIAN and,
JOHN AND JANE DOES 1-2,

                Defendants.

## ORDER

Before the Court is Plaintiff's Motion for Leave to Proceed Anonymously and for Entry of Protective Order. *See* ECF No. 15. Upon review, the Court **GRANTS** the Motion.

Under Federal Rule of Civil Procedure 10(a), a civil complaint "must name all the parties." This "general presumption" ensures open judicial proceedings, *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), and protects the public's "interest in knowing the names of litigants," *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). To protects these interests, "few cases warrant anonymity" and "few litigants request it." *Doe v. Sidar*, 93 F.4th 241, 247 (4th Cir. 2024).

Nevertheless, a district court may allow pseudonymous litigation in "exceptional" circumstances. *Pub. Citizen*, 749 F.3d at 273. *See also James*, 6 F.3d at 238 (referring to this "rare dispensation"). In *James v. Jacobson*, the Fourth Circuit set out five non-exhaustive factors to consider when deciding motions to proceed pseudonymously:

1) whether the requesting party requests pseudonymity to avoid the annoyance and criticism that often accompanies litigation *or* to preserve privacy in a matter of sensitive and highly personal nature;

2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent third parties;

3) the ages of the protected parties;

4) whether the action is against a governmental or private party; and

5) whether proceeding pseudonymously is unfair to the opposing party.

*See* 6 F.3d at 238. *See also Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023) (reaffirming and applying *James* factors); *Sidar*, 93 F.4th at 247 (same).

No single factor is dispositive. *See Doe*, 85 F.4th at 212 (requiring district courts to "consider each case individually" and "discern which factors should—in their discretion—weigh most heavily"). Instead, the district court must find the requesting party's stated interest in anonymity outweighs the public's interest in openness and any prejudice anonymity would pose to the opposing party. *See Pub. Citizen*, 749 F.3d at 274 (requiring "extraordinary circumstances").

The Court finds the *James* factors weigh in favor of anonymity. *First*, O.W.—the requesting party—seeks anonymity to protect her privacy in a sensitive matter: a child neglect and abuse case. *See* Pl.'s Mot. at 2 ¶ 5, ECF No. 15. She alleges Defendants neglected, abused, and discriminated against her six-year-old minor child while he attended a local public school. *See* Complaint ¶¶ 80–202 (outlining claims), ECF No. 1. This Court has repeatedly held these types of cases implicate sensitive personal matters. *See, e.g.*, Order Granting Pl.'s Mot. to Proceed Anonymously & for Entry of Protective Order, ECF No. 13, *C.G. ex rel v. Cabell Cnty. Bd. of Educ. et al.*, 3:23-cv-373 (S.D.W. Va. July 17, 2023). Nothing suggests differently here.

*Second*, if G.Y.'s identity was made public, G.Y. would be easily identifiable—increasing the risk of potential retaliatory physical or mental harm from G.Y.'s former classmates, neighbors,

and local residents. *See* Pl.'s Mot. at 3 ¶ 8. Indeed, the complaint alleges G.Y.'s teacher already lobbed allegations of abuse against O.W. to the West Virginia State Police. *See* Compl. ¶ 54. Child Protected Services then launched an investigation into O.W. *See id.* ¶ 57. Although the Court takes no stance on the accuracy of these allegations at this stage, they suggest more retaliation is possible should O.W. or G.Y.'s name be revealed. *See Doe*, 85 F.4th at 213 (encouraging courts to "look for additional evidence" beyond a "bare assertion" of possible retaliation).

*Third*, G.Y. is only seven years old. *See* Pl.'s Mot. at 3 ¶ 9. "Fictitious names" are often allowed to "protect the privacy of children." *Sidar*, 93 F.4th at 248 (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)). This case is no exception.

*Fourth*, O.W.'s suit centers on the actions the Cabell County Board of Education, its substitute teachers, and its special education aides mistreated her minor child. *See* Pl.'s Mot. at 3 ¶ 10; Compl. ¶¶ 3–11 (describing parties). These are government actors. Unlike suits against private parties, suits against the Government "do no harm to its reputation." *Women's Health Ctr. of W. Va. v. Sheth*, 2023 WL 2054280, at *3 (S.D. W. Va. Feb. 16, 2023) (quotation omitted). As such, the Court finds this factor is neutral on the question of anonymity. *Cf. Doe*, 85 F.4th at 215 (finding "the more private parties (sued in their individual capacities)" are involved in a matter, the "more likely" this factor weighs "against the plaintiff").

*Finally*, proceeding anonymously is not unfair to Defendants. *See* Pl.'s Mot. at 3 ¶ 11. Defendants already know who O.W. and G.Y. *See id.* Moreover, Defendants fail to explain how anonymity would impede their ability to proceed in this matter. *Cf. Doe v. Evident ID, Inc.*, 603 F. Supp.3d 292, 295 (S.D. W. Va. 2022) (explaining anonymity is "most favored" for minors).

Defendants do not contest these observations. Indeed, Defendants "make no objection" to O.W's request to proceed anonymously. Def.'s Resp. at 4 ¶ 10, ECF No. 19. Instead, they request

this Court limit O.W. and G.Y.'s communications should O.W. or G.Y. connect themselves with this case through the media—traditional or social. *See id.* at 4 ¶ 13. For support, Defendants suggest plaintiffs often file under pseudonyms and then speak to news outlets, post on social media, and otherwise declare their connections to a particular case. *See id.* at 3 ¶¶ 11–12.

This request is premature. Defendants point to no evidence suggesting O.W. or G.Y. intend to speak to news outlets or otherwise connect themselves publicly with this case. Instead, they suggest a plaintiff in *R.C. v. Cabell County Board of Education* sued anonymously, participated in an interview about her complaint, and then shared the article on her social media accounts. *See* Def.'s Mot. at 4 ¶ 12 & n.2. If this situation arises here, a change may be warranted. Defendants may file a well-supported motion supported by changed circumstances.

Altogether, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed Anonymously. The Court **ENTERS** a Protective Order preventing all parties from revealing in public filings and documents the real names of Plaintiffs and any other minor students mentioned in any public filings and documents in this case.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:  April 18, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE