IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

O.W, Individually and as the parent and
guardian of G.Y., a minor child,

      Plaintiff,

v.                                    Case No.:  3:24-cv-00070

CABELL COUNTY BOARD OF
EDUCATION, RONALD MAYES, AMY
GIBSON-CLAY, DEBORAH CHRISTIAN and
JOHN AND JANE DOES 1-2,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

On October 9, 2024, Plaintiff filed a Motion to Compel seeking the production of certain discovery from Defendant Cabell County Board of Education ("CCBOE"). (ECF No. 51). The undersigned held a TEAMS video conference concerning the Motion to Compel on October 15, 2024.  At that meeting, the parties resolved most of the issues raised in Plaintiff's motion, and the Court issued an Order reflecting their agreement. (ECF No. 63).  Remaining in dispute was Plaintiff's Request for Production Nos. 3 and 4 (seeking certain school videos) and 21 (seeking personnel files). The parties were afforded the opportunity to brief those issues. (ECF No. 63).  The CCBOE filed its response to the motion on November 1, 2024, (ECF No. 66-1), and Plaintiff filed her reply on November 8, 2024, (ECF No. 70).

Having fully considered the motion and the parties' briefs, the Court **GRANTS**, **in part**, and **DENIES**, **in part**, the motion as it pertains to Request for Production Nos. 3,

4, and 21. The parties shall bear their own costs and attorneys' fees associated with this motion and any discovery compelled by this Order.

## I.    <u>Relevant Facts and Procedural History</u>

Plaintiff filed her Complaint, both individually and as the parent and guardian of G.Y., a minor child on February 12, 2014. (ECF No. 1). In her Complaint, Plaintiff alleges various causes of action against Defendants related to injuries that G.Y. allegedly sustained while a student in the care of Defendants during the 2022-2023 academic school year. (*Id*.). G.Y. is a nonverbal seven-year-old child with a diagnosis of autism. (*Id*.). It is alleged that G.Y. requires assistance with daily living (as he is not toilet trained) and constant supervision to ensure that he is not participating in unsafe activities. (*Id*.). G.Y. attended Southside Elementary School ("Southside") during the 2022-2023 school year. (*Id*.). While at Southside, G.Y. was placed in a special needs kindergarten classroom which is classified as a "self-contained classroom." (*Id*.). That classroom was taught by long- term substitute, Defendant Ronald Mayes. (*Id*.).

Sometime during the 2022-2023 school year, Plaintiff alleges that G.Y. began demonstrating compulsory masturbatory behavior. (*Id*.). This behavior allegedly continued to increase during G.Y.'s time at Southside. (*Id*.). It is further alleged that after G.Y. began attending Southside, he began exhibiting extreme frustration and agitation when he would walk into the school. (*Id*.). His behaviors included kicking, screaming, stomping his feet, and throwing objects. (*Id*.). In addition, according to O.W., G.Y. (1) was sent home numerous times during the 2022-2023 school year for unknown reasons, (2) came home smelling of urine, and (3) began experiencing night terrors. (*Id*.). The CCBOE contends that G.Y. had a compulsive eating disorder, and he engaged in masturbatory behavior; defiance; and demonstrated violent tendencies, including

breaking items, screaming, pushing his head into someone's body, knocking over items, and kicking, well before he was enrolled at Southside.  (ECF No. 66-1 at pgs. 4-5)

On October 12, 2022, there was an incident in which G.Y. "cut his finger" and was "bleeding everywhere" at school. (ECF No. 1).  G.Y. was taken to the hospital and had his broken finger surgically repaired. (*Id*.).  Following the October 12 incident, O.W. alleges that she become increasingly concerned about G.Y.'s safety at school. (*Id*.).

Near the end of November 2022, G.Y. came home from school with a bruise near his groin area. (*Id*.). On December 13, 2022, G.Y. again came home from school with a large scratch near his groin area. (*Id*.). O.W. asserts that neither injury was reported to her. (*Id*.).  CCBOE, on the other hand, contends that O.W. did not make any complaints to it or any of its employees concerning her son between the beginning of the school year and January 4, 2023.  (ECF No. 66-1 at 5).

After retaining counsel, O.W. was permitted to view a single day of G.Y.'s self-contained classroom. (ECF No. 1).  O.W. contends that during the seven-and-one-half-hour school day, G.Y. was ignored, shoved, made fun of, denied food, and deprived of water by Defendants Mayes and Gibson-Clay. (*Id*.).  G.Y. was supposedly not changed or taken to the restroom during the entire day. Instead, G.Y. was left in the same pull-up that he wore to school. (*Id*.). G.Y. was so neglected during most of the day that he was permitted to masturbate in the corner of the classroom while other children watched. (*Id*.). G.Y. was only provided with portions of his breakfast and lunch and—at one point— was so hungry he attempted to pull an empty food wrapper from the trash can. (*Id*.). Gibson-Clay took the wrapper from G.Y. and said, "nice try." (*Id*.).  After viewing a single day of classroom video, O.W. believed—and continues to believe—that G.Y. was continuously mistreated, abused, and neglected while at Southside. (*Id*.).

The CCBOE asserts that Plaintiff's complaints and/or allegations of abuse came in January 2023 after O.W. was reported by G.Y.'s teachers and aides to Child Protective Services ("CPS") for a suspicion of sexual abuse due to marks around the child's genitals identified on December 21, 2022. The CCBOE asserts that following the CPS report, O.W. informed the CCBOE, for the first time, via a January 4, 2023, letter (mistakenly dated 2022), that G.Y. had bruising near his groin area "sometime" in late November 2022 and a scratch on his inner thigh on December 13, 2022.  (ECF No. 66-1 at 2).  The CCBOE allowed O.W. to view video of an October 12, 2022, incident involving injury to G.Y.'s finger while in class, as well as video of December 13, 2022, in an attempt to determine how the alleged scratch occurred.  (*Id.*).

On February 12, 2024, O.W. filed the instant Complaint alleging that Defendants neglected, abused, mistreated, and discriminated against G.Y.  (ECF No. 1).  On July 16, 2024, Plaintiff served her first set of requests for admission, interrogatories, and requests for production on the CCBOE. (ECF No. 30).   The parties entered two stipulations providing the CCBOE additional time to respond.  (ECF Nos. 32, 34). As a result, the CCBOE's responses were due on September 2, 2024. (ECF No. 34). In its responses, CCBOE broadly objected to a number of requests and refused to produce many documents.  On September 20, Plaintiff wrote to counsel for CCBOE in order to address a number of outstanding discovery issues.  The parties conferred by phone and stipulated that Plaintiff had until October 9, 2024, to file a motion to compel. (ECF No. 47).  On September 27, 2024, the CCBOE supplemented its responses. However, Plaintiff was not satisfied with the responses and filed the Motion to Compel.

The undersigned held a TEAMS video conference concerning the Motion to Compel on October 15, 2024.  During the meeting, the parties were able to resolve most

of the issues raised in Plaintiff's motion, and the Court issued an Order reflecting their agreement. (ECF No. 63).    A dispute remained concerning Plaintiff's Request for Production Nos. 3 and 4 (seeking school videos) and 21 (seeking personnel files), and the parties were afforded the opportunity to further brief those issues. (ECF No. 63).  The CCBOE filed its response to the motion on November 1, 2024, (ECF 66-1), and Plaintiff filed her reply on November 8, 2024, (ECF No. 70).

## II.    <u>Relevant law</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure outlines the scope of discovery:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Becton, Dickinson & Co. v. BioMedomics, Inc.*, No. 5:20-CV-536-FL, 2021 WL 3864476, at *3 (E.D.N.C. Aug. 30, 2021) (citations omitted). Yet, even if seeking relevant information, the discovery request must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Although Rule 26(b)(1)'s relevance inquiry does not, itself, pose a high bar, however, its proportionality requirement mandates consideration of multiple factors in determining whether to allow discovery of even relevant information. The factors include: "the importance of the issues at stake in the action, the amount in controversy, the parties'

relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Ceresini v. Gonzales*, No. 3:21-CV-40, 2022 WL 628520, at *3 (N.D.W. Va. Mar. 3, 2022).

Further, this Court holds that "fishing expeditions" which exceed the boundaries of the complaint and are purely based on unsupported speculation are improper. *Philips N. Am. LLC v. Probo Med. LLC*, No. 2:21-CV-00298, 2022 WL 17793491, at *3 (S.D.W. Va. Dec. 19, 2022) (citing *Cuomo v. Clearing House Assn.*, LLC, 557 U.S. 519, 531 (2009) ("Judges are trusted to prevent 'fishing expeditions or an undirected rummaging through … records for evidence of some unknown wrongdoing."))

A party may serve interrogatories, requests for production of documents, and/or requests for admission, which are generally all due within 30 days of service. Fed. R. Civ. P. 33, 34, 36. However, the parties may stipulate under Rule 29 of the Federal Rules of Civil Procedure to modify that timeframe. Fed. R. Civ. P. 29. Any objections to discovery requests must be stated with specificity. Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B); 36(a)(4), (5).

A party dissatisfied with a discovery response or lack of response can move for an order compelling disclosure or discovery after conferring or attempting to confer with the party that submitted the response or failed to respond. Fed. R. Civ. P. 37(a). Importantly, the party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *Tinsley v. OneWest Bank, FSB*, No. 3:13-CV-23241, 2014 WL 7005852, at *2 (S.D.W. Va. Dec. 10, 2014) (citations omitted). As such, conclusory and unsubstantiated allegations are simply insufficient to support discovery objections based on the grounds of annoyance, burdensomeness, oppression, or expense. *Id.* With those rules in mind, the

Court addresses the specific discovery disputes identified in Plaintiff's motion concerning Requests for Production Nos. 3, 4, and 21.

### III.   <u>Discussion</u>

The discovery requests which remain at issue are the following:

**Request No. 3**: All classroom videos of G.Y.'s classrooms from August 24, 2022 to December 21, 2022.

**Request No. 4**: All videos indicating G.Y.'s whereabouts while at Southside Elementary School ("Southside") August 24, 2022 to December 21, 2022, this request includes, but is not limited to classrooms, hallways, and exterior, regardless of quality.

**Request No. 21**: The employee personnel file for any other individual who served as a teacher, substitute teacher, or aide within O.W.'s [sic "G.Y."] classroom during the 2022- 2023 school year. Documentation should include all information generally maintained in the employee's personnel file; employment records; education records; employee complaints, grievances (those made by or against the employee); training documentation demonstrating all trainings and certifications of the employee.

As to Request Nos. 3 and 4, the CCBOE contends that Plaintiff has already viewed the videos for October 12, 2022, and December 13, 2002, and the production of videos for additional dates would not be proportional to the needs of the case and would amount to an unwarranted fishing expedition by Plaintiff.  It is CCBOE's contention that Plaintiff's argument for additional videos is based on pure speculation. (ECF 66-1 at 12-13).

After reviewing the parties' briefs and considering the applicable standard, the Court finds that Plaintiff's requests for video evidence of every day from August 24, 2002, through December 21, 2022, is not proportional to the needs of the case. It would be unreasonable to require the CCBOE to provide video evidence for such an extensive period of time.  However, given the fact that the CCBOE has previously made available videos for **October 12, 2022, and December 13, 2022**, the Court finds that copies of

those videos should be readily available, and those videos shall be produced to Plaintiff. Additionally, considering the non-verbal nature of G.Y. and his inability to communicate what, if anything, may have occurred to cause bruising on his body in "late-November" as alleged by Plaintiff, the Court finds that video evidence from that time period is relevant to Plaintiff's claims and is proportional to the needs of the case. Thus, the Court finds that videos for the period of **November 28 through December 2, 2022**, shall likewise be produced.

As such the Motion to Compel as it relates to Request Nos. 3 and 4 is hereby **GRANTED**, **in part**, and **DENIED**, **in part**. The CCBOE is **ORDERED** to produce the aforementioned videos within **10 days** of entry of this Order. Such disclosures should be in compliance with the Court's previously entered Protective Order.

In Request No. 21, Plaintiff seeks production of the employee personnel files for "any other individual who served as a teacher, substitute teacher, or aide" within her child's classroom during the 2022-2023 school year. Although the request does not identify any particular individuals, Plaintiff's Reply indicates that the employees' names are Francis Rosenberger and Aaron Ross. (ECF No. 70). The CCBOE objects to production of the requested personnel files and contends that such files are discoverable "only in limited circumstances." *See Weller v. Am. Home Assur. Co.*, No 3:05-cv-90, 2007 WL 1097883 (N.D. W.Va. Apr. 10, 2007).

In considering whether a personnel file is discoverable, such discovery is "permissible only if (1) the material sought is clearly relevant and (2) the need for discovery is compelling because the information is not otherwise readily obtainable." *Id*.

In applying the test, a distinction exists between employees whose conduct is directly at issue versus other employees. *Id.* Where personnel files are sought of employees whose actions are relevant:

> [T]he relevance requirement is generally satisfied by the fact that the personnel file should indicate the training, experience, work record, and qualifications of the employee.

*Id.* A plaintiff's need for this information is often sufficient to outweigh the public policy against disclosure since the "personnel files possess an inherent reliability which cannot now be duplicated through any other source. *Id.* (quoting *Cason v. Builders Firstsource-Southeast Group*, Inc., 159 F. Supp. 2d 242, 247 (W.D.N.C. 2001)).

In the present matter, Plaintiff seeks production of personnel files for employees who were direct caretakers of her son. Thus, information regarding those individuals' training and work history is relevant and not readily obtainable from other sources. Furthermore, since Plaintiff has in her reply limited her request to two specific employees, the request is quite limited in scope. In order to protect the privacy of those individuals, however, the Court orders that discovery shall be limited to information concerning each employee's training, work record, and qualifications. Any medical information or other irrelevant private information shall not be disclosed. Subject to the limitations set forth herein, the Motion to Compel as to Request No. 21 is **GRANTED** and the CCBOE is **ORDERED** to produce said materials within **10 days** of entry of this Order.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED**: November 20, 2024



Joseph K. Reeder
United States Magistrate Judge