## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

**O.W., individually and as the parent and**
**guardian of G.Y., a minor child,**

**Plaintiff,**

**v.**                                    **Civil Action No. 3:24-cv-00070**

**CABELL COUNTY BOARD OF**
**EDUCATION, et al.**

**Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR FINDING OF SPOLIATION AND SANCTIONS

COME NOW Plaintiffs, and in further support of their *Motion for Finding of Spoliation and Sanctions* state as follows:

### FACTUAL AND PROCEDURAL HISTORY

On January 12, 2023, Plaintiff first directed a letter to the Cabell County Board of Education seeking preservation of videos of G.Y. in his self-contained classroom. See *January 12, 2023, Letter*, at **Exhibit 1**. O.W.'s letter specifically cited W.Va. Code § 18-20-11, which requires that:

> a public school **shall** retain video and audio recorded pursuant to this section for at least three months after the date of the recording

W.Va. Code § 18-20-11(g)(1) (**emphasis** added). For systems installed or replaced after April 1, 2022, this retention period is extended for a period of "at least 365 days after the date the video or audio was recorded." W.Va. Code § 18-20-11(g)(1)(B). Further, if a person requests to view video, the recording shall be retained from the date of the request until any "legal proceedings that result from the recording have been completed, including, without limitation, the exhaustion of all

1

appeals." W.Va. Code §18-20-11(g)(2)(B). In addition to the statute cited by O.W. in her letter, Cabell County Board of Education Policy §7000 reflects the same retention requirements.

Defendant CCBOE partially complied with O.W.'s preservation letter by preserving a full day of video from December 13, 2022. On or about January 27, 2023, Ms. Wolfe was permitted, prior to those videos being produced in this action, to view them in the presence of present counsel for the CCBOE. It is unclear why no additional videos that were the subject of O.W.'s letter were preserved.

On February 12, 2024, Plaintiff filed this civil action. On September 3, 2024, CCBOE responded to requests for production seeking video footage by setting forth objections regarding scope, proportionality, and privacy. See *CCBOE Third Supplemental Responses*, at **Exhibit 2**. No indication was given that the requested videos had been destroyed in violation of the foregoing statutes. Subsequently, the Court entered its *Memorandum Opinion and Order* [ECF 79], compelling CCBOE to respond to Plaintiffs' Requests for Admissions Nos. 3 and 4 by producing videos for the period of November 28 through December 2, 2022.

On December 2, 2024, CCBOE served its third supplemental discovery responses. In response to Request No. 3, CCBOE stated:

> **SUPPLEMENTAL RESPONSE: Subject to and without waiving any stated Objection and further pursuant to the Agreed Protective Order (ECF 25) entered on April 17, 2024, please see attached classroom footage from October 12, 2022 and December 13, 2022.**

Ex. 2. CCBOE provided no explanation or responsive information that indicated why the additional videos specified in the Court's Order [ECF 79] were not produced.  Counsel for Plaintiff, therefore, assumed that the videos and compliance with the Order would be forthcoming.

In response to Request No. 4, CCBOE stated:

> **SUPPLEMENTAL RESPONSE: Subject to and without waiving any stated Objection, and further upon information and belief, there is no 90-day retention policy as to the video footage from video cameras outside of the self-contained classrooms, therefore, upon receipt of Plaintiff's initial preservation letter in January 2023, any video responsive to this request had already been written over.**

Ex. 2.[1] The third supplementation is the first indication undersigned can find in the record that the CCBOE did not preserve all video evidence.

On January 9, 2025, after receiving no additional supplementation, undersigned emailed counsel for the CCBOE to ascertain the status of the additional Court-ordered video production. See *January 9, 2025, email*, at **Exhibit 3**. The following day, counsel for CCBOE indicated he would determine whether additional video would be sent. *Id*. On January 21, following a verbal conversation regarding the video, counsel for CCBOE emailed to indicate that all video that was provided to his office had been produced. *Id*. Undersigned sought to confirm that all video produced by his firm and all video in the possession, custody, or control of the CCBOE were synonymous. *Id*. As of the date of this filing, it was confirmed that no additional video footage was preserved. Ex. 3.

## ARGUMENT

"Because no one has exclusive insight into truth, the [judicial] process; depends on the adversarial presentation of evidence, precedent and custom, and argument to reasoned conclusions - - all directed with unwavering effort to what, in good faith, is believed to be true on matters material to disposition." *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). Spoliation disrupts the judicial process and access to the truth when a party destroys or materially alters evidence or fails to preserve evidence for another's use in pending or reasonably foreseeable litigation. *Id*. A party that controls evidence must exercise its duty to preserve the evidence, and a

---

[1] Though the supplemental response to RFPD 4 refers only to out-of-classroom video, it is worth noting that the classroom video recordings would be responsive to RFPD 3 and 4.

party that does not control evidence has a duty and obligation to give the opposing party notice of access to the evidence or of the possible destruction of the evidence. *Id*. 271 F.2d at 591.

Courts possess inherent power to "protect the integrity of the judicial process." *Id*. In that vein, District Courts have broad discretion to sanction spoliation, molding such sanctions to serve the prophylactic, punitive, and remedial rationales underlying the doctrine and "level the evidentiary playing field." *Id*. In assessing whether sanctions are proper, the Court must consider (1) the duty of the spoliator to preserve the evidence; (2) breach of that duty; (3) culpability of the spoliator; (4) relevance of the spoliated evidence; and (5) prejudice. *Id*., *passim*; *In re Ethicon, Inc. v. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 511-512 (S.D.W.Va. 2014). The conduct of Defendant CCBOE evidences a knowing and intentional breach of their statutory, policy-based, and general legal duty to preserve relevant evidence, resulting in prejudice to Plaintiffs. Accordingly, sanctions are proper.

Moreover, with respect to failure to preserve electronically stored information, Rule 37(e) of the *Federal Rules of Civil Procedure* provides that the Court, upon a finding of prejudice, may make orders to cure the prejudice. Fed. R. Civ. P., Rule 37(e)(1). Upon finding intent, the Court may enter an adverse inference instruction or enter a default. Fed. R. Civ. P., Rule 37(e)(2).

**A. Defendant CCBOE Has a Duty to Preserve Relevant Evidence**.

"The duty to preserve material evidence arises not only during litigation but also extends to that period before litigation when a party reasonably should know that the evidence may be relevant to the anticipated litigation." *Silvestri*, 217 F.3d at 591. "Before litigation begins, courts agree that the receipt of a demand letter, a request for evidence preservation, a threat of litigation, or a decision to pursue a claim will all trigger the duty to preserve evidence." *Id*. After arising, the

4

duty to preserve extends to those that control evidence, and the duty to notify an opposing party and provide access extends to even those that do not control evidence. *Id*.

In addition to the general principles of evidence preservation espoused in *Silvestri*, Defendant CCBOE was bound by additional West Virginia statutes and West Virginia BOE Policies specifically addressing the recordings from G.Y.'s classroom. As addressed herein, *supra*, W.Va. Code § 8-20-11 specifically sets forth retention requirements for classroom video and audio recordings obtained in special needs classrooms like G.Y.'s. Plaintiffs' January 12, 2023, letter expressly directed Defendant BOE to this statute. Ex. 1. Further, West Virginia BOE Policy 612 reiterates these requirements. See *CCBOE Policy Manual § 7000*, at **Exhibit 4**. Defendant CCBOE cannot reasonably claim ignorance of its obligations as set forth in *Silvestri* and under West Virginia law.

### B. Defendant CCBOE Breached Its Duty to Preserve Material Evidence.

"A party breaches its duty to preserve evidence if it fails to act reasonably by taking positive action to preserve material evidence…The action must be reasonably calculated to ensure that relevant materials will be preserved, such as giving out specific criteria on what should or should not be saved for litigation.'" *In Re Ethicon*, 299 F.R.D. at 518 (citation omitted). "Once the duty to preserve attaches, any destruction of material evidence within the party's control is a breach of that duty." *Id*. (emphasis added).

It is beyond dispute that Defendant CCBOE breached its duty to preserve material evidence within its control. Defendant does not and has never asserted that the video recordings are not in their possession, custody, or control. Ex. 2. Further, Defendant preserved the selected dates of October 12, 2022, and December 13, 2022, presumably pursuant to O.W.'s preservation letter, while simultaneously claiming that all other videos were not preserved and were overwritten.

5

**C.  Defendants CCBOE's Spoliative Conduct was Willful and Done in Bad Faith**.

Dismissal is justified where the spoliator undertook the destruction of evidence in bad faith or other "like action." *Silvestri*, 271 F.3d at 592. "The fundamental element of bad faith spoliation is advantage-seeking behavior by the party with superior access to information necessary for the proper administration of justice."  *In re Ethicon*, 299 F.R.D. at 519. (citation omitted). "While bad faith requires destruction for the purpose of depriving the adversary of the evidence, for willfulness, it is sufficient that the actor intended to destroy evidence."  *Id*. (citation omitted).

There is little question that the culpability element merits entry of sanctions, up to and including default judgment.  Defendant's choices were patently knowing, intentional, and in bad faith or other like action. Defendants had an *affirmative duty* to retain classroom video under West Virginia law. Despite that obligation, receipt of O.W.'s preservation letter, involvement of their own counsel, and the fact that a lawsuit was apparently forthcoming, Defendants destroyed or permitted the destruction of material evidence. Defendant were on notice that Plaintiffs intended to inspect and test this evidence during their case.  Indeed, Defendant involved counsel following receipt of O.W.'s letter who sat down to review the October and December videos that were preserved with O.W. as early as January of 2023. The involvement of counsel and their undoubted knowledge of the significance of evidence preservation raises additional concerns regarding the intentional destruction of evidence.

The loss of this evidence irrevocably stripped Plaintiffs of their ability to inspect such evidence and formulate a case regarding the conditions in G.Y.'s classroom during the relevant time period.  Even if Defendant can, with a straight face, argue negligence or inadvertence (which

Plaintiff adamantly disputes), sanctions including default judgment are proper due to the resulting unfairness.

### D.  The Evidence Destroyed by CCBOE was Relevant to a Pending Lawsuit.

The next consideration for the Court is whether "the evidence that was destroyed or altered was relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence..." *In re Ethicon*, 299 F.R.D. at 511-512 (citation omitted).  "In the context of spoliation, lost evidence is relevant if a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it."  *Id*. at 521 (citation omitted). "Once the moving party shows that the spoliated material [is relevant], the burden to show otherwise falls on the party charges with spoliation." *E.I. Dupont de Nemours v. Kolon Industries*, 803 F. Supp. 2d, 469, 498-99 (E.D. Va. 2011).

This case centers on the CCBOE's treatment of G.Y. The Court, following thoughtful review of the Parties' submissions and a conference with all counsel, ordered CCBOE to produce "videos for the period of **November 28 through December 2, 2022**." [ECF 79] (emphasis in original).  The Court is well aware of the scope of Rule 26 and the Order clearly reflects an indication that the materials ordered were discoverable and relevant. Moreover, the Court need look no further than Defendant CCBOE's defense of this matter to understand the significance of the evidence in issue. Defendant has repeatedly sought discovery from Plaintiff regarding specific instances of abuse or neglect of G.Y. in his classroom and repeatedly inquired of Plaintiff O.W. during her recent deposition regarding what evidence she has of abuse and/or neglect by CCBOE and its employees. Evidence that goes to the heart of this matter is clearly relevant.

### E.  Plaintiffs are Prejudiced by Defendants CCBOE's Destruction of Evidence.

To justify severe sanctions the Court must consider the spoliator's conduct and the prejudice caused and be able to conclude that either the conduct was so egregious as to merit forfeiture of the spoliator's claim *or* that the effect of the spoliator's conduct was so prejudicial that it substantially denied the opposing party the ability to litigate their claim. *Silvestri*, 271 F.2d at 594.  "A measure of appropriateness of a sanction is whether it restores the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *In re Ethicon*, 299 F.R.D. at 502 (citation omitted).  Prejudice may be established where evidence is destroyed such that a party is precluded from examining it and reaching conclusions which are fundamental to their case. *Silvestri*, 271 F.3d 583.

Here, Plaintiffs have undoubtably been prejudiced by Defendant's knowing, willful destruction of evidence. Because evidence has been destroyed by Defendant, Plaintiffs have been robbed of an opportunity to inspect, test, and analyze it and present the results to the trier of fact. The destruction of this evidence, which surely would have been favorable to Plaintiffs (otherwise, why purposefully destroy it), has irreparably harmed Plaintiffs and prejudiced the prosecution of their case.

## **CONCLUSION**

Accordingly, Plaintiffs have established that Defendant CCBOE had a duty to preserve material evidence; that Defendant breached that duty; that Defendant acted willfully and in bad faith; that the evidence destroyed was relevant to Plaintiffs' claims; and that Plaintiffs have been prejudiced by Defendants' destruction of evidence.  Therefore, the Court should grant the present Motion and find that Defendant CCBOE engaged in spoliation of evidence.  *See Silvestri, supra*; *In re Ethicon, supra*; *Kirkland*, *supra*.  Because the great weight of these factors favors the imposition of severe sanctions, Plaintiffs seek any such sanction as the Court deems just and proper

in its discretion, inclusive of an adverse inference finding; prohibiting Defendants from offering claims or defenses regarding the spoliated evidence; a finding of contempt; and/or entry of default as to liability.  Plaintiff also seeks the cost of bringing earlier motions to compel, which could have been avoided if the CCBOE had been forthcoming about the destruction of video evidence at an earlier stage of this litigation.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court impose all such sanctions as it deems just and proper, up to and inclusive of default judgment, to remedy Defendant CCBOE's willful destruction and material alteration of evidence.  Plaintiffs seek all such other and further relief as the Court deems just and proper.

O.W., individually and as the parent
and guardian of G.Y., a minor child

/s/ Amanda J. Taylor
Amanda J. Taylor (WVSB 11635)
Aryn J. Kelly (WVSB 13895)
Taylor, Hinkle & Taylor
115 ½ S. Kanawha St.
Beckley, WV 25801
304.894.8733 (P)
681.245.6236 (F)
amanda@thtwv.com
aryn@thtwv.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

**O.W., individually and as the parent and**
**guardian of G.Y., a minor child,**

        **Plaintiff,**

**v.**                               **Civil Action No. 3:24-cv-00070**

**CABELL COUNTY BOARD OF**
**EDUCATION, et al.**

        **Defendants.**

### CERTIFICATE OF SERVICE

Undersigned counsel for Plaintiff hereby certifies that the foregoing *Memorandum of Law in Support of Motion for Finding of Spoliation and Sanctions* was served upon all counsel to this action via the Court's CM/ECF filing system this 24th day of January, 2025.

/s/ Amanda J. Taylor
Amanda J. Taylor (WVSB 11635)