IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

O.W, Individually and as the parent and
guardian of G.Y., a minor child,

      Plaintiff,

v.                                          Case No.:  3:24-cv-00070

CABELL COUNTY BOARD OF
EDUCATION, RONALD MAYES, AMY
GIBSON-CLAY, DEBORAH CHRISTIAN and
JOHN AND JANE DOES 1-2,

      Defendants.


**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Finding of Spoliation. (ECF No. 118). For the following reasons, the Court **GRANTS** Plaintiff's motion.

I.      **Relevant Facts and Procedural History**

Plaintiff filed her Complaint, both individually and as the parent and guardian of G.Y., a minor child on February 12, 2014. (ECF No. 1).  In her Complaint, Plaintiff alleges various causes of action against Defendants related to injuries that G.Y. allegedly sustained while a student in the care of Defendants during the 2022-2023 academic school year. (*Id*.).  G.Y. is a nonverbal seven-year-old child with a diagnosis of autism. (*Id*.).  He was six years old at the time of the incidents alleged in the Complaint. Plaintiff contends that G.Y. requires assistance with daily living (as he is not toilet trained) and constant supervision to ensure that he is not participating in unsafe activities. (*Id*.).

G.Y. attended Southside Elementary School ("Southside") during the 2022-2023 school year. (*Id.*). Southside is a public school in Cabell County, West Virginia. It is governed by the Cabell County Board of Education ("CCBOE"). While at Southside, G.Y. was placed in a special needs kindergarten classroom which is classified as a "self-contained classroom" under West Virginia law. (*Id.*). That classroom was taught by long-term substitute, Defendant Ronald Mayes. (*Id.*). Defendant Amy Gibson-Clay was a special education aide that worked in the classroom, Defendant Deborah Christian was a substitute teacher, and Jane Doe 1 and John Doe 2 were special education aides or substitute aides in the classroom. (*Id.*).

Sometime during the 2022-2023 school year, Plaintiff alleges that G.Y. began demonstrating compulsory masturbatory behavior. (*Id.*). This behavior allegedly worsened during G.Y.'s time at Southside. (*Id.*).  It is further alleged that after G.Y. began attending Southside, he began exhibiting extreme frustration and agitation when he would walk into the school. (*Id.*).  His behaviors included kicking, screaming, stomping his feet, and throwing objects. (*Id.*).  In addition, according to O.W., G.Y. (1) was sent home numerous times during the 2022-2023 school year for unknown reasons, (2) came home smelling of urine, and (3) began experiencing night terrors. (*Id.*). The CCBOE contends that G.Y. had a compulsive eating disorder, and he engaged in masturbatory behavior; defiance; and demonstrated violent tendencies, including breaking items, screaming, pushing his head into someone's body, knocking over items, and kicking, well before he was enrolled at Southside.  (ECF No. 66-1 at pgs. 4-5)

On October 12, 2022, there was an incident in which G.Y. "cut his finger" and was "bleeding everywhere" at Southside. (ECF No. 1).  G.Y. was taken to the hospital and had

his broken finger surgically repaired. (*Id.*).  Following the October 12 incident, O.W. alleges that she become increasingly concerned about G.Y.'s safety at school. (*Id.*). Near the end of November 2022, G.Y. came home from school with a bruise near his groin area. (*Id.*). On December 13, 2022, G.Y. again came home from school with a large scratch near his groin. (*Id.*). O.W. asserts that neither injury was reported to her. (*Id.*).  CCBOE, on the other hand, contends that O.W. did not make any complaints concerning her son between the beginning of the school year and January 4, 2023. (ECF No. 66-1 at 5).

After retaining counsel, O.W. was permitted to view a single day of G.Y.'s self-contained classroom. (ECF No. 1).  O.W. contends that during the seven-and-one-half-hour school day, G.Y. was ignored, shoved, made fun of, denied food, and deprived of water by Defendants Mayes and Gibson-Clay. (*Id.*).  G.Y. was supposedly not changed or taken to the restroom during the entire day. Instead, G.Y. was left in the same pull-up that he wore to school. (*Id.*). G.Y. was so neglected during most of the day that he was permitted to masturbate in the corner of the classroom while other children watched. (*Id.*).  G.Y. was only provided with portions of his breakfast and lunch and—at one point—was so hungry he attempted to pull an empty food wrapper from the trash can. (*Id.*). Gibson-Clay took the wrapper from G.Y. and said, "nice try." (*Id.*).  After viewing a single day of classroom video, O.W. believed—and continues to believe—that G.Y. was continuously mistreated, abused, and neglected while at Southside. (*Id.*).

The CCBOE asserts that Plaintiff's complaints and/or allegations of abuse came in January 2023 after O.W. was reported by G.Y.'s teachers and aides to Child Protective Services ("CPS") for a suspicion of sexual abuse due to marks around the child's genitals identified on December 21, 2022. The CCBOE asserts that following the CPS report, O.W.

informed the CCBOE, for the first time, via a January 4, 2023, letter (mistakenly dated 2022), that G.Y. had bruising near his groin area "sometime" in late November 2022 and a scratch on his inner thigh on December 13, 2022. (ECF No. 66-1 at 2). The CCBOE allowed O.W. to view video of an October 12, 2022, incident involving injury to G.Y.'s finger while in class, as well as video of December 13, 2022, in an attempt to determine how the alleged scratch occurred. (*Id.*).

## II.    Relevant Law

Spoliation of evidence refers to "the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Pratt v. Robbins*, No. 5:20-CV-170-GCM, 2024 WL 234730, at *1 (W.D.N.C. Jan. 22, 2024). Spoliation of electronically stored information ("ESI"), such as the video footage at issue, is governed by Rule 37(e) of the Federal Rules of Civil Procedure which states:

> If [ESI] that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). "The movant has the burden of proving all elements of Rule 37(e)." *Pratt*, 2024 WL 234730, at *2. District courts within the United States Court of Appeals for the Fourth Circuit generally apply a "clear and convincing evidence standard" if the movant seeks the more extreme sanctions under Rule 37(e)(2). *Id.*

4

An order disposing of a Rule 37 motion for sanctions is "undoubtedly a nondispositive matter." *Kebe ex rel. K.J. v. Brown*, 91 Fed. Appx. 823, 827 (4th Cir. 2004). The undersigned is authorized to rule on the motion under 28 U.S.C. § 636 and the Standing Order of this Court given the fact that no dispositive sanctions are granted. *Gov't Emps. Health Ass'n v. Actelion Pharms. Ltd.*, 343 F.R.D. 474, 476 n.1 (D. Md. 2023); *see also Packrite, LLC v. Graphic Packaging Int'l, LLC*, No. 1:17CV1019, 2020 WL 7133806, at *1 n.1 (M.D.N.C. Dec. 4, 2020), *report and recommendation adopted,* No. 1:17CV1019, 2021 WL 9681472 (M.D.N.C. Jan. 6, 2021).

## III.    Discussion

Plaintiff seeks sanctions for the CCBOE's alleged spoliation of classroom video from November 28, 2022, through December 2, 2022. (ECF No. 119 at 7). As relevant to the motion, in January 2023, Plaintiff sent the CCBOE's General Counsel, Sherrone Hornbuckle-Myers, a letter requesting that the CCBOE preserve certain items in anticipation of litigation. (ECF No. 118-1) (hereinafter the "Preservation Letter"). There is a dispute regarding the date of the letter, but the parties agree that the Preservation Letter was sent and received in January 2023. Plaintiff attached a copy of the Preservation Letter dated January 12, 2023, and she alleges that she "directed" the Preservation Letter to the CCBOE on that date. (ECF Nos. 118-1, 119 at 1). However, the CCBOE attached a copy of the same letter dated January 14, 2023, which Ms. Hornbuckle-Myers attested that she received on January 17, 2023. (ECF Nos. 124-2 at 1, 124-3). Among other things, Plaintiff requested that the CCBOE preserve videos of G.Y. in his self-contained classroom pursuant to West Virginia Code § 18-20-11. (*Id.*).

On February 12, 2024, Plaintiff filed this civil action, alleging that G.Y. was harmed by Defendants during the 2022-2023 school year. (ECF No. 1). In discovery, Plaintiff asked the CCBOE to produce videos of G.Y., as follows:

> Request No. 3: All classroom videos of G.Y.'s classrooms from August 24, 2022 to December 21, 2022.

> Request No. 4: All videos indicating G.Y.'s whereabouts while at Southside Elementary School ("Southside") August 24, 2022 to December 21, 2022, this request includes, but is not limited to classrooms, hallways, and exterior, regardless of quality.

*See* (ECF No. 79 at 7).

The CCBOE objected to producing the requested video, and Plaintiff filed a Motion to Compel. In response to the motion, the CCBOE contended that Plaintiff has already viewed the videos for October 12, 2022, and December 13, 2002, and the production of videos for additional dates would not be proportional to the needs of the case and would amount to an unwarranted fishing expedition by Plaintiff. (*Id.*). After reviewing the parties' briefs and considering the applicable standard, the Court found that the temporal scope of the request was overly broad. (*Id.*). However, the Court ordered the CCBOE to produce video evidence from the following dates:

(1) **October 12, 2022** – the date that G.Y.'s finger was allegedly injured at school

(2) **December 13, 2022** – the date that G.Y. allegedly came home from school with a large scratch near his groin

(3) **November 28, 2022, through December 2, 2022** – relating to Plaintiff's allegation that G.Y. came home from school in "late-November" with a bruise near his groin

(*Id.* at 7-8).

6

The CCBOE produced the video footage of October 12, 2022, and December 13, 2022, as ordered. *See* (ECF No. 119 at 2). However, the CCBOE finally admitted that the dates of November 28, 2022, through December 2, 2022, were not preserved. (ECF Nos. 118-3 at 1, 123 at 9). Thus, Plaintiff filed the instant motion seeking sanctions against the CCBOE for spoilation of evidence.

### A. *The information should have been preserved*

A party seeking sanctions based on the spoliation of evidence must first establish that "the alleged spoliator had a duty to preserve material evidence." *Snell v. Reid*, No. 22-1869, 2024 WL 2815061, at *2 (4th Cir. June 3, 2024). At the very latest, the duty is triggered when a defendant is served with a complaint. *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 512 (S.D.W. Va. 2014). However, as relevant to this case, a party must preserve material evidence when it reasonably anticipates litigation. *Id.* It is well accepted that "the receipt of a demand letter, a request for evidence preservation, a threat of litigation, or a decision to pursue a claim will all trigger the duty to preserve evidence." *Id.* (citations omitted).

This element is easily satisfied in this case. Ms. Hornbuckle-Myers received a letter from Plaintiff on January 17, 2023, asking the CCBOE to preserve videos of G.Y. in his self-contained classroom pursuant to West Virginia Code § 18-20-11. (ECF No. 124-2). In that letter, Plaintiff explicitly used the phrase "in anticipation of litigation." (ECF No. 124-3). She expressed concerns regarding the care and education that G.Y. received at Southside Elementary, including purported lack of supervision that led to him breaking his finger and other suspected neglect. (*Id.*). Plaintiff noted that she recently learned that other non-verbal students in Cabell County schools were treated negligently, resulting in

the filing of multiple lawsuits. (*Id.*). She requested that documents relating to G.Y. be preserved since August 2022 and video be preserved in accordance with West Virginia Code § 18-20-11. (*Id.*).

The CCBOE admits that it was required to retain three months of audio and video footage of G.Y.'s self-contained classroom under W. Va. Code § 18-20-11(g)(1). (ECF No. 123 at 6). It calculates that footage dating back to October 16, 2022, would have been retained in the system as of the date of the preservation letter on January 14, 2023. (*Id.*). Going further, if Ms. Hornbuckle-Myers received the Preservation Letter on January 17, 2023, the CCBOE would have had footage of G.Y.'s classroom dating back to October 19, 2022.

Thus, the CCBOE clearly had the footage from November 28, 2022, through December 2, 2022, when it received the Preservation Letter. Given the language in that letter, it had a clear duty to preserve that material evidence in anticipation of litigation.

### B. Evidence was lost

Turning to the next threshold consideration, "[i]nformation is lost for purposes of Rule 37(e) only if it is irretrievable from another source, including other custodians." *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 327 F.R.D. 96, 107 (E.D. Va. 2018). The CCBOE likewise admits that the information was inadvertently not archived. (ECF No. 123 at 9). There is no indication that the video evidence is retrievable from another source. Other discovery, such as depositions or written discovery, is not likely to replace the lost footage because it was the only objective recording of the events in question as they occurred. *See, e.g., Butler v. Kroger Ltd. P'ship I*, No. 2:19CV673, 2020 WL 7483447, at *7 (E.D. Va. Nov. 30, 2020), *report and recommendation adopted,* No. 2:19CV673, 2020 WL

7482186 (E.D. Va. Dec. 18, 2020) (stating that surveillance video is the best evidence of what actually happened). The video evidence appears to have been overwritten by newer footage and cannot be recovered. *See* (ECF No. 126 at 6) (explaining that the camera system in G.Y.'s self-contained classroom recorded 24 hours per day, 365 days per year, and retained 90 days of footage, re-writing over the earliest retained footage daily). Thus, the evidence is indisputably lost within the meaning of Rule 37(e).

## C. Reasonable steps were not taken to preserve the information

"The duty to preserve is not meant to impose an unreasonable burden on parties anticipating litigation; they need not preserve every shred of paper, every e-mail or electronic document, and every backup tape." *Steves & Sons, Inc.*, 327 F.R.D. at 108 (cleaned up). "However, a party generally must suspend its routine document retention/destruction policy and put in place a litigation hold to ensure the preservation of relevant documents." *Id.* Courts generally find that a "party breaches its duty to preserve relevant evidence if it fails to act reasonably by taking positive action to preserve material evidence." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 525 (D. Md. 2010), *aff'd in part, modified in part,* 2010 WL 11747756 (D. Md. Nov. 1, 2010) (cleaned up). "The action must be reasonably calculated to ensure that relevant materials will be preserved, such as giving out specific criteria on what should or should not be saved for litigation." *Id.*

The CCBOE argues that it took reasonable steps to preserve the video. It states that Ms. Hornbuckle-Myers immediately forwarded the preservation letter to the principal of G.Y.'s school, Carolyn Frye, intending for her to start archiving the requested video. (ECF No. 123 at 2, 9). However, because Ms. Frye was not specifically instructed on what the

9

letter requested, she did not take any additional steps at that time and did not recognize the potential ramifications of not doing so. (*Id.* at 3). Ms. Hornbuckle-Myers did not attempt to archive the video because she believed that Ms. Frye archived all of the footage after she was forwarded the January 14, 2023, Preservation Letter. (ECF No. 124-2 at 2). On January 20, 2023, Plaintiff, by counsel, requested to review the October 12, 2022, and December 13, 2022, footage. (*Id.*). Ms. Frye preserved those two dates, but "[u]nfortunately, some of the other video ordered for production were inadvertently not archived." (ECF No. 123 at 9).

While the Court appreciates that the CCBOE preserved the two dates of footage that Plaintiff initially asked to review, it does not justify the CCBOE's complete failure to attempt to archive any other evidence. Plaintiff sufficiently establishes that reasonable steps were not taken to preserve the video from November 28, 2022, through December 2, 2022.

### D. *Information cannot be restored or replaced*

The evidence clearly demonstrates that the video footage cannot be recovered. Furthermore, even if other evidence can provide some information regarding the events in question, subjective evidence is not equivalent to the objective surveillance footage of the classroom. The court will presume that the fourth element is satisfied here because Plaintiff has sufficiently demonstrated that the videos have not, and cannot, be restored or recovered by other means. *In re: Ethicon, Inc.*, No. 2:12-CV-00497, 2016 WL 5869448, at *3 (S.D.W. Va. Oct. 6, 2016).

For all of the above reasons, the Court determines that Plaintiff has established all of the threshold factors that the CCBOE spoliated the video evidence from November 28, 2022, through December 2, 2022.

### E. Sanctions are warranted

Once all four criteria are met, Rule 37(e) offers two alternatives for the Court to impose sanctions for spoliation of evidence:

> The first avenue, Rule 37(e)(1), requires a court to make a finding of prejudice before sanctions may be warranted. The second avenue, Rule 37(e)(2), requires a court to make a finding that a party acted with the intent to deprive the opposing party of the ESI prior to imposing sanctions. ... The kind of prejudice sufficient to trigger Rule 37(e)(1) occurs when, as a result of the spoliation, the party claiming spoliation cannot present evidence essential to its underlying claim. ... To justify the more severe sanctions of Rule 37(e)(2), ... the moving party must demonstrate that the failure to preserve was motivated by an intent to deprive the moving party of the use of the information in the litigation. ... Negligent or even grossly negligent behavior will not suffice. ... The burden of proof is on the party seeking sanctions, and the standard of proof in the Fourth Circuit appears to be clear and convincing evidence where, as here, relatively harsh sanctions are sought.

*Fowler v. Tenth Planet, Inc.*, 673 F. Supp.3d 763, 767 (D. Md. 2023) (citation and markings omitted).

### i. Plaintiff was prejudiced by the spoliation

The first issue before the Court regarding sanctions is whether the spoliation prejudiced Plaintiff and, if so, what measure would cure the prejudice. Fed. R. Civ. P. 37(e)(1). Rule 37(e) itself "does not define prejudice; nor does it place the burden of proving or disproving prejudice on one party or the other." *Wall v. Rasnick*, No. 7:17CV00385, 2023 WL 7490862, at *37 (W.D. Va. Nov. 13, 2023) (citing Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment). "[R]esolving the issue of prejudice 'necessarily includes an evaluation of the information's importance in the litigation.'"

*Carter v. Ely*, No. 7:20-CV-00713, 2023 WL 6216721, at *3 (W.D. Va. Sept. 22, 2023) (quoting Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment). In general, "courts find prejudice when spoliation compromises a party's ability to present its case." *Id.* (citing *Knight v. Boehringer Ingelheim Pharms., Inc.*, 323 F. Supp. 3d 837, 845 (S.D.W. Va. 2018)). "The moving party cannot be expected to demonstrate with certainty the content of the lost evidence, but the moving party must demonstrate a likelihood that the lost evidence would have been favorable to the moving party's case." *Wall*, 2023 WL 7490862, at *37 (citation and markings omitted). The degree of prejudice that a party suffered from spoliation of evidence "ranges along a continuum from an inability to prove claims or defenses to little or no impact on the presentation of proof." *Steves & Sons, Inc.*, 327 F.R.D. at 110 (citation and markings omitted).

Here, the CCBOE's spoliation of video from November 28, 2022, through December 2, 2022, clearly prejudices Plaintiff's ability to prove her case to some degree. Plaintiff alleges that G.Y. came home from school in late-November with a bruise near his groin. (ECF No. 1). The video from the time period is material to that claim. It was the only objective evidence of what occurred while G.Y. was at school during that time. Therefore, the Court finds that the CCBOE's failure to preserve the requested video hinders Plaintiff's ability to prove her case. While it does not completely preclude Plaintiff from proving her case, it certainly impacts her presentation of proof on that specific claim.

"When imposing sanctions under Rule 37(e)(1), the range of curative measures is quite broad and much is entrusted to the court's decision." *Jenkins v. Woody*, No. 3:15CV355, 2017 WL 362475, at *18 (E.D. Va. Jan. 21, 2017) (cleaned up) (citing Fed. R. Civ. P. 37(e) advisory committee's note). Overall, the sanctions available for spoliation

under Rule 37(e) may include assessing attorneys' fees and costs, allowing the parties to present evidence and argument to the jury regarding the loss of evidence, precluding evidence, striking documents from the record, adverse instructions, or imposing the harsh, case-dispositive sanctions of dismissal or judgment by default permitted under Rule 37(e)(2). *Id.*; *Nat'l Fair Hous. All. v. Bank of Am., N.A.*, No. CV SAG-18-1919, 2023 WL 4669560, at *7 (D. Md. Jan. 23, 2023) (citations and markings omitted). "Courts should select the least harsh sanction that can provide an adequate remedy." *Nat'l Fair Hous. All.*, 2023 WL 4669560, at *7. In order to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine, the sanction should be designed to: "(1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he or she would have been in absent the wrongful destruction of evidence by the opposing party." *Jenkins*, 2017 WL 362475, at *18.

In this case, Plaintiff seeks "any such sanction as the Court deems just and proper in its discretion, inclusive of an adverse inference finding; prohibiting Defendants from offering claims or defenses regarding the spoliated evidence; a finding of contempt; and/or entry of default as to liability," as well as "the cost of bringing earlier motions to compel, which could have been avoided if the CCBOE had been forthcoming about the destruction of video evidence at an earlier stage of this litigation." (ECF No. 119 at 8-9).

These suggested sanctions are unreasonable in light of several factors. As the CCBOE mentioned, there is no documentation supporting Plaintiff's claim regarding the bruise on G.Y.'s thigh; it was not mentioned in the January 4, 2023, letter of concerns; it was not reported to the CCBOE, CPS, DHHR, law enforcement, or G.Y.'s physician; and

13

Plaintiff did not produce in discovery or preserve her own photograph of the alleged bruise. (ECF No. 123 at 12-13). Plaintiff can only speculate that the November 28, 2022, through December 2, 2022, footage might show what caused the bruise near G.Y.'s groin. The Court should select the least harsh sanction that can provide an adequate remedy, and it would be fundamentally unjust to impose the severe sanctions proposed by Plaintiff under these circumstances.

In this case, to accomplish the prophylactic, punitive, and remedial rationales of Rule 37(e), the Court **ORDERS** the following:

1. Plaintiff shall be permitted at trial, at the discretion of the presiding judge, to question the CCBOE regarding the spoliation of this evidence;

2. The jury shall be instructed, at the discretion of the presiding judge, concerning the CCBOE's spoliation of this evidence and that it should consider the spoliation in making its determination;

3. The CCBOE shall be prohibited, at the discretion of the presiding judge, from arguing that the spoliated video corroborated its version of events for those dates; and

4. Plaintiff shall be awarded her reasonable attorneys' fees and costs associated with the motion for sanctions.

Plaintiff shall have through and including **April 21, 2025,** in which to file an affidavit of reasonable fees and expenses incurred in making the motion for sanctions, as well as any supportive documentation or argument to justify the amount of fees and expenses requested. *See Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009). Failure to timely file the affidavit and supporting documentation

shall result in a denial of fees and costs. The CCBOE shall have through and including **May 5, 2025,** in which to respond to Plaintiff's submissions. The response shall include any justification that would obviate against an award of expenses. Failure to file a response shall be deemed an admission of or agreement with the representations and arguments of Plaintiff. Plaintiff shall have through and including **May 19, 2025** in which to file a reply memorandum. At the conclusion of the period allowed for briefing, the Court shall either schedule a hearing, or simply rule on the request for reasonable fees and costs.

### ii.  The spoliation was not intentional

Plaintiff argues that the spoilation of evidence was knowing and willful, which justifies the imposition of severe sanctions. (ECF No. 119 at 8). Under Rule 37(e)(2), Plaintiff must show that the CCBOE engaged in willful or intentional conduct, regardless of whether the spoliation prejudiced her. *Boshea v. Compass Mktg., Inc.*, No. CV ELH-21-00309, 2024 WL 811468, at *6 (D. Md. Feb. 27, 2024). Plaintiff has the burden of proving by clear and convincing evidence that the CCBOE's failure to preserve the ESI at issue was motivated by an intent to deprive her of using that information in the litigation. *Id*. "Willfulness is equivalent to intentional, purposeful, or deliberate conduct." *Id*. (citation omitted). "Negligent or even grossly negligent behavior" does not suffice. *Brittney Gobble Photography, LLC v. Sinclair Broad. Grp., Inc.*, No. SAG-18-3403, 2020 WL 1809191, at *4 (D. Md. Apr. 9, 2020) (citing Fed. R. Civ. P. 37(e)(2) Comm. Note to 2015 Amendment). The court "has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives ... and other factors." *Fowler*, 673 F. Supp.3d at 768 (citation omitted).

In this matter, Plaintiff has not shown by clear and convincing evidence that the CCBOE intentionally spoliated the video at issue. Plaintiff offers nothing more than her suspicions of nefarious motives. The record before the Court belies her suspicions that the spoliation was intentional. Ms. Hornbuckle-Myers immediately forwarded the Preservation Letter to Ms. Frye upon receipt. Ms. Frye, as the Principal of Southside Elementary School, was the custodian of the video evidence at issue and responsible for archiving it. (ECF No. 124-2 at 2). Ms. Hornbuckle-Myers did not give Ms. Frye any specific instructions. Consequently, Ms. Frye believed that she was only supposed to archive the two days of video that Plaintiff requested to review. (ECF No. 124-1 at 2). While the CCBOE's actions regarding preserving the evidence were certainly negligent, there is no indication that the CCBOE intended to spoliate the video to deprive Plaintiff of it. For those reasons, the Court finds that more severe sanctions are not warranted under Rule 37(e)(2).

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** April 1, 2025

Joseph K. Reeder
United States Magistrate Judge